# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.   NEWTON WALL COMPANY,<br>      aka Newton Wall Co., Inc, an Oklahoma<br>      Corporation,<br><br>                Plaintiff,<br><br>v.<br><br>1.   EVANSTON INSURANCE COMPANY,<br>      A Foreign For Profit Insurance Corporation,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-17-334-D<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### A.   Parties

1.   Plaintiff, Newton Wall Company aka Newton Wall Co., Inc., is a domestic corporation incorporated and organized under the laws of the State of Oklahoma.

2.   The principal place of business for Newton Wall Company is Shawnee, Oklahoma.

3.   Defendant, Evanston Insurance Company, is a foreign for profit insurance corporation incorporated and organized under the laws of the State of Illinois.

4.   The principal place of business for Defendant, Evanston Insurance Company, is Spring, Texas.

5.   The Defendant, Evanston Insurance Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the

Oklahoma Department of Insurance, as well as its agent for service listed in the applicable insurance policy.

6. This action is not related to any other case filed in this Court.

## B. Jurisdiction

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

8. At all times material hereto, the Plaintiff, Newton Wall Company aka Newton Wall Co., Inc., insured commercial property located at 4011 SE 29th Street, in Del City, Oklahoma under the terms and conditions of an insurance policy issued by the Defendant, Evanston Insurance Company.

9. On or about March 25, 2015, Plaintiff's commercial property located at 4011 SE 29th Street, in Del City, Oklahoma was damaged as a result of a hail storm.

10. At all times material hereto, the Plaintiff, Newton Wall Company aka Newton Wall Co., Inc., was insured under the terms and conditions of an insurance policy, policy number MKLV13XP000373, issued by the Defendant, Evanston Insurance Company.

11. At all times material hereto, Plaintiff, Newton Wall Company aka Newton Wall Co., Inc., complied with the terms and conditions of its insurance policy.

12. Hail damage is a covered peril not otherwise limited or excluded pursuant to the terms and conditions of the policy issued by the Defendant.

### D. Count I: Breach of Contract

13. Plaintiff, Newton Wall Company aka Newton Wall Co., Inc., hereby asserts, alleges and incorporates paragraphs 1-12 herein.

14. The property insurance policy No. MKLV13XP000373, issued by Defendant, Evanston Insurance Company, was in effect on March 25, 2015.

15. The acts and omissions of Defendant, Evanston Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual and extra-contractual damages are hereby sought.  Defendant unreasonably breached its contract with the Plaintiff by failing to pay for covered damages to Plaintiff's property including the roofing systems, wall panels, gutters, down spouts and other building components.

### E. Count II: Bad Faith

16. Plaintiff, Newton Wall Company aka Newton Wall Co., Inc., hereby asserts, alleges and incorporates paragraphs 1-15 herein.

17. The acts and omissions of the Defendant, Evanston Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought. Defendant acted in bad faith by failing to properly inspect, adjust, and issue

adequate payment for covered damages to Plaintiff's commercial property. Additionally, Defendant disregarded obvious hail damage to Plaintiff's building, including damage to the roofing systems, wall panels, gutters, down spouts and other building components which occurred during the policy period. Defendant unreasonably and in bad faith attributed covered hail damage to potential hail storms that pre-dated the inception of the policy. Defendant determined, without adequate evidence and investigation, that the hail damage occurred outside of Defendant's coverage period and ignored evidence submitted by Plaintiff which established that the loss was covered and occurred within the Defendant's policy period.

### F. Count III: Punitive Damages

18.   Plaintiff, Newton Wall Company aka Newton Wall Co., Inc., hereby asserts, alleges and incorporates paragraphs 1-17 herein.

19.   The unreasonable conduct of the Defendant, Evanston Insurance Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

### G. Demand for Jury Trial

20.   The Plaintiff, Newton Wall Company aka Newton Wall Co., Inc., hereby requests that the matters set forth herein be determined by a jury.

## H. Prayer

21. Having properly pled, Plaintiff, Newton Wall Company aka Newton Wall Co., Inc., hereby seeks contractual, bad faith and punitive damages against the Defendant, Evanston Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

    Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**